1
2
3
4
5
6
7
8
9
10
11
12

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

MICHAEL C.,

                    Plaintiff,

     v.

COMMISSIONER OF SOCIAL SECURITY,

                    Defendant.

CASE NO. C22-1644-BAT

**ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE CASE WITH PREJUDICE**

13
14
15
16
17
18
19
20
21

Plaintiff Michael C. seeks review of the partially favorable decision finding him disabled beginning on March 30, 2015, but not disabled before that date; denying his application for Disability Insurance Benefits; and granting his application for Supplemental Security Income beginning on the established onset date. Plaintiff contends the ALJ failed to fully develop the record and thereby violated his constitutional right to due process; he further argues the ALJ misevaluated the medical evidence and plaintiff's testimony and the resulting residual functional capacity determination and non-disability finding are erroneous. Dkt. 33. He seeks remand for an immediate award of benefits. *Id.* The Court **AFFIRMS** the Commissioner's final decision and **DISMISSES** the case with prejudice.

22
//

23
//

1

## BACKGROUND

2
3
4
5
6

Plaintiff was 52 years old on his alleged onset date and 56 years old on his established onset date. Tr. 19. He has at least a high school education and has worked as a building maintenance repairperson, automotive accessories salesperson, title searcher, merchandise displayer, cemetery worker, and home restoration cleaner. Tr. 19, 58. For purposes of Disability Insurance Benefits, plaintiff's date last insured was December 31, 2013. Tr. 9.

7
8
9
10
11
12
13
14
15

Plaintiff previously filed an application for benefits that was denied and became administratively final on June 27, 2013. Tr. 5. He filed the current application for benefits on March 30, 2015, alleging disability as of May 1, 2011; he later amended his alleged onset date to June 28, 2013. Tr. 35, 621. In October 2017, the ALJ issued a decision finding plaintiff not disabled. Tr. 256-68. Plaintiff appealed, and while the case was pending before the Ninth Circuit Court of Appeals, the parties stipulated the case be remanded for a new hearing before a different ALJ. Tr. 315. On remand, after conducting a new hearing, the ALJ issued a decision finding plaintiff disabled as of March 30, 2015, but not disabled before that date. Tr. 5-22. Plaintiff now seeks review of that decision.

16

## THE ALJ'S DECISION

17
18
19
20
21
22

Utilizing the five-step disability evaluation process,[1] the ALJ found that plaintiff had not engaged in substantial gainful activity since the alleged onset date; that plaintiff had the following severe impairments: fatty liver disease and cardiac disease; and that these impairments did not meet or equal the requirements of a listed impairment. Tr. 9-11. The ALJ found that between his alleged onset date and his date last insured, plaintiff had the residual functional capacity to perform light work except he could occasionally climb ladders, ropes, and

23

---

[1] 20 C.F.R. §§ 404.1520, 416.920.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 2

1  scaffolding, he must avoid concentrated exposure to hazards and respiratory irritants, and he

2  would be off task for 10% of the workday; the ALJ also found that plaintiff had the same

3  residual functional capacity for the period beginning on March 30, 2015. Tr. 11. The ALJ found

4  that on December 31, 2013, plaintiff was capable of performing his past relevant work as an auto

5  parts salesperson and title searcher. Tr. 18. The ALJ found beginning on March 30, 2015,

6  plaintiff's RFC prevented him from performing any past relevant work and there were no jobs

7  that exist in substantial numbers in the national economy that plaintiff could perform. Tr. 20-21.

8  The ALJ therefore found plaintiff was not disabled prior to March 30, 2015, but that he became

9  disabled on that date. Tr. 21.

## DISCUSSION

11        The Court will reverse the ALJ's decision only if it was not supported by substantial

12  evidence in the record as a whole or if the ALJ applied the wrong legal standard. *Molina v.*

13  *Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012). The ALJ's decision may not be reversed on account

14  of an error that is harmless. *Id.* at 1111. The Court may neither reweigh the evidence nor

15  substitute its judgment for that of the Commissioner. *Thomas v. Barnhart*, 278 F.3d 947, 954

16  (9th Cir. 2002). Where the evidence is susceptible to more than one rational interpretation, the

17  Court must uphold the Commissioner's interpretation. *Id.*

18        **A.     Due process**

19        Plaintiff argues the ALJ failed to develop the record fully and fairly and thereby violated

20  plaintiff's constitutional right to procedural due process. Dkt. 33 at 3.

21        At the hearing, the ALJ began by discussing the exhibits as follows: "I have in

22  [plaintiff's] electronic file documents that have been labeled B-1A through B-11F, and there

23  have been attachments of the prior claim that have been marked 1A through 21F. Counsel, any

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 3

1    objection to these documents being admitted into evidence as exhibits?" Tr. 35. Plaintiff's

2    counsel, who represents plaintiff before this Court, responded he had no objection. *Id.* Despite

3    admitting the evidence from the prior claim into the record, the list of exhibits attached to the

4    ALJ's decision did not include that evidence. Tr. 25-30. The administrative record initially

5    submitted to this Court in conjunction with this appeal also did not include the evidence from the

6    prior claim. Dkt. 15. The Commissioner later submitted a corrected administrative record that

7    constituted the full and complete administrative record, and the Court issued a new scheduling

8    order based on the submission of the corrected administrative record. Dkt. 26, 29. Plaintiff

9    sought, and the Court granted, an extension of 13 days to submit an opening brief in this case.

10   Dkt. 30, 32.

11          Plaintiff argues the omission of a complete exhibit list from the ALJ's decision is a

12   constitutional due process violation. Dkt. 33 at 3. He asserts although the Commissioner

13   attempted to cure this error by filing an amended administrative record that includes the missing

14   exhibit, the ALJ's failure to identify the evidence she considered violated a basic procedural

15   requirement and this Court should reverse the unfavorable portion of the decision. *Id.*

16          The Commissioner responds plaintiff has not shown any harm from the ALJ's failure to

17   include the documents in the exhibit list, much less harm that rises to the level of a due process

18   violation. Dkt. 38 at 2-3. The Commissioner notes the ALJ identified all the exhibits at the

19   hearing, plaintiff's counsel affirmed that those exhibits constituted the complete record, and the

20   ALJ discussed documents from both groups of records (current and prior claims) in the decision.

21   *Id.*

22          Plaintiff asserts in reply that including an accurate exhibit list in a decision is a basic

23   procedural requirement and that in reviewing the ALJ's decision, plaintiff had no way of

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 4

1  knowing precisely which evidence the ALJ was citing in support of her findings, since the

2  evidence was not all identified in the decision. Dkt. 39 at 2. He asserts the Court reviews the

3  ALJ's decision as written, and the decision as written does not identify the evidence on which

4  the ALJ based her decision. *Id.*

5      Plaintiff's bare assertions of a due process violation do not establish there was such a

6  violation, or he was harmed by any such violation. In focusing on the omission of exhibits from

7  the exhibit list, he does not address the ways in which he received notice of the evidence the ALJ

8  considered—namely, that the ALJ verbally identified the evidence at the hearing and plaintiff's

9  counsel affirmed he had no objection to that identification, the ALJ cited to specific exhibits

10  from that evidence in the decision, and the Commissioner submitted a corrected administrative

11  record that contains all the evidence the ALJ relied on.

12      Moreover, even if the Court were to assume without deciding the omission of exhibits

13  from the exhibit list constituted a due process violation, and to further assume without deciding

14  that plaintiff was harmed by that omission, plaintiff has not established the relief he seeks

15  (reversal of the unfavorable portion of the decision) is necessary to remedy that harm. After the

16  Commissioner submitted a full and complete copy of the administrative record, this Court issued

17  a new scheduling order, granting plaintiff 30 days from the date of that order to submit a brief to

18  this Court. Plaintiff sought, and the Court granted, an extension of 13 days to file an opening

19  brief, giving plaintiff a total of 43 days to review the full and complete record and submit a brief

20  to this Court based on that review.

21      Plaintiff has thus received notice of the exhibits in record, has received a full and

22  complete copy of the record, and has been afforded time to present arguments to the Court based

23  on the full and complete record. The remedy plaintiff seeks would not afford plaintiff additional

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 5

1   or more meaningful relief than that plaintiff has already received. Notably, plaintiff does not

2   argue that the omission of the exhibit list undermines the validity of the decision, only that the

3   omission failed to provide him proper notice. Plaintiff has failed to show that remand with

4   instructions to issue a decision with a corrected exhibit list would not result in a favorable or

5   even a different decision for plaintiff. Plaintiff has failed to establish that reversal and remand is

6   necessary to correct any harm from the omission.

7          As plaintiff has not established a harmful due process violation, the Court rejects this

8   claim.

9          **B.     Medical evidence**

10         Plaintiff argues the ALJ failed to properly evaluate the medical evidence. Dkt. 33 at 4.

11  For cases such as this, filed before March 2017, the ALJ should generally give more weight to

12  the opinion of a treating physician than to a non-treating physician, and more weight to the

13  opinion of an examining physician than to a non-examining physician. *Lester v. Chater*, 81 F.3d

14  821, 830 (9th Cir. 1996). Where not contradicted by another physician, an ALJ may reject a

15  treating or examining physician's opinion only for "clear and convincing reasons." *Id.* at 830-31.

16  Where contradicted, an ALJ may reject a treating or examining physician's opinion only by

17  giving "specific and legitimate reasons" that are supported by substantial evidence in the record.

18  *Id.* at 830-31 (quoting *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). An ALJ does this

19  by setting out a detailed and thorough summary of the facts and conflicting evidence, stating her

20  interpretation of the facts and evidence, and making findings. *Magallanes v. Bowen*, 881 F.2d

21  747, 751 (9th Cir. 1989). The ALJ must do more than offer her conclusions; she must also

22  explain why her interpretation, rather than the treating doctor's interpretation, is correct. *Orn v.*

23

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 6

1    *Astrue*, 495 F.3d 625, 632 (9th Cir. 2007) (citing *Embrey v. Bowen*, 849 F.2d 418, 421-22 (9th

2    Cir. 1988)).

3         *1.      Severe impairments*

4         Although not presented as a separate assignment of error, plaintiff asserts the ALJ erred

5    in assessing plaintiff's medically determinable severe impairments. Dkt. 33 at 4. Plaintiff states

6    that in addition to the impairments the ALJ found to be severe (fatty liver disease and cardiac

7    disease), the evidence of record shows plaintiff has many other impairments, and the ALJ

8    committed harmful error by failing to include in the RFC assessment all of the limitations related

9    to all of plaintiff's impairments. *Id.*

10        Plaintiff lists the impairments he alleges the ALJ should have found to be medically

11   determinable severe impairments and asserts the ALJ's failure to do so was harmful error, but

12   does not present any argument or explanation, citation to the record, or citation to authority

13   support his assertions. Although references to these impairments can be found in the record, the

14   mere existence of an impairment is insufficient proof of a disability. *Matthews v. Shalala*, 10

15   F.3d 678, 680 (9th Cir. 1993) (citing *Sample v. Schweiker*, 694 F. 2d 639, 642-43 (9th Cir.

16   1982)).

17        Moreover, plaintiff's conclusory assertions are insufficient to establish error. Plaintiff

18   cannot merely make a statement and leave the Court to do counsel's work—framing the

19   argument and putting flesh on its bones through a discussion of the applicable law and facts. *See*

20   *Ve Thi Nguyen v. Colvin*, No. C13-882 RAJ-BAT, 2014 WL 1871054 at * 2 (W.D. Wash., May

21   8, 2014) (unpublished) (*citing Vandenboom v. Barnha*rt, 421 F.3d 745, 750 (8th Cir. 2005)

22   (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met

23   listings because claimant provided no analysis of relevant law or facts regarding listings); *Perez*

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 7

1    *v. Barnhart*, 415 F.3d 457, 462 n. 4 (5th Cir. 2005) (argument waived by inadequate briefing);

2    *Murrell v. Shalala*, 43 F.3d 1388, 1389 n. 2 (10th Cir. 1994) (perfunctory complaint fails to

3    frame and develop issue sufficiently to invoke appellate review)). Plaintiff has failed to develop

4    this claim and the Court finds that he has therefore waived it.

5            2.      *Dr. McNamara*

6            Treating physician Timothy McNamara, M.D., opined in June 2013 that from a mental

7    standpoint, it would be difficult for plaintiff to work with his bipolar disorder. Tr. 994. Dr.

8    McNamara believed plaintiff's personality does not fit very well into a workplace; he noted

9    plaintiff becomes agitated and goes off on a tangent and it takes him a while to recenter his

10   thought process, which Dr. McNamara did not believe would be an acceptable type of behavior

11   in any type of workplace, and he opined plaintiff would have difficulty interacting appropriately

12   with supervisors and coworkers, even if the interactions were brief or superficial. Tr. 995. Dr.

13   McNamara opined from a physical standpoint, plaintiff would not be able to sustain an 8-hour

14   workday in which he had to concentrate, get up and move around, and perform, due to low back

15   pain from degenerative disc disease and fatigue from his liver disease. Tr. 995-96. Dr.

16   McNamara opined plaintiff would experience fatigue and need to lie down even if he was

17   performing a job that allowed him to sit for 6 hours out of an 8-hour workday. Tr. 996.

18           The ALJ gave little weight to Dr. McNamara's opinion, finding although he was a

19   treating physician who had an opportunity to examine plaintiff and was presumably familiar with

20   the longitudinal record, his opinion as to the severity and frequency of plaintiff's limitations was

21   out of proportion to the longitudinal record, including often normal or unremarkable findings on

22   physical examinations, plaintiff's typically benign presentation, his ability to interact

23   appropriately with providers, his pursuing no or minimal treatment, normal abdominal findings,

1  inconsistent statements by plaintiff that detract from the reliability of his self-report, and his

2  normal or near-normal cardiac workup. Tr. 15-16.

3  An ALJ may properly reject a treating physician's opinion that is inconsistent with the

4  record and not supported by objective evidence. *See Meanel v. Apfel*, 172 F.3d 1111, 1113-14

5  (9th Cir. 1999). Plaintiff states that none of the normal findings cited by the ALJ are actually

6  inconsistent with Dr. McNamara's opinion. Dkt. 33 at 5. But plaintiff again fails to provide any

7  explanation or argument to support this conclusory assertion. Having reviewed the records the

8  ALJ cited and failing to discern the basis for plaintiff's conclusory assertion, the Court finds this

9  argument fails.

10  The ALJ also found Dr. McNamara noted he saw plaintiff a couple of times each year,

11  consistent with plaintiff's minimal treatment record, and that Dr. McNamara's own treatment

12  records did not document reports of fatigue or difficulty interacting with others, and plaintiff had

13  largely normal findings on Dr. McNamara's physical examinations. Tr. 16.

14  A discrepancy between a doctor's statement assessing a patient's limitations and the

15  doctor's clinical notes, recorded observations, and other opinions is a clear and convincing

16  reason for not relying on the doctor's statement. *Bayliss v. Barnhart*, 427 F.3d 1211, 1216 (9th

17  Cir. 2005). Plaintiff asserts that none of the reasons related to Dr. McNamara's treatment history

18  and treatment records constitute a legitimate reason to discount the opinion because Dr.

19  McNamara based his opinion on his longitudinal knowledge of plaintiff and his overall clinical

20  findings and observations. Dkt. 33 at 5. But the ALJ properly relied on the inconsistency

21  between Dr. McNamara's opinion and his largely normal findings as well as the absence of

22  findings in the treatment records that support his opinion. This was a valid reason to discount the

23  opinion.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 9

1    Finally, plaintiff asserts the fact that plaintiff had stage 2 to 3 liver disease is a significant

2    objective finding that supports Dr. McNamara's opinion regarding plaintiff's complaints of

3    fatigue. Dkt. 33 at 6. However, even if the ALJ were obligated to consider plaintiff's liver

4    disease in the manner proposed by plaintiff, that does not eliminate the legitimate reasons the

5    ALJ gave for discounting the opinion.

6    The ALJ gave specific, legitimate reasons for discounting Dr. McNamara's opinion. The

7    Court finds no harmful legal error in the ALJ's assessment of the opinion.

8    *3.    Dr. Knapp*

9    Geordie Knapp, Psy.D., examined plaintiff in February 2012. Tr. 857. He opined

10   plaintiff's mania, agitation, and irritability would prevent him from being able to get along with

11   others and he would be unable to sustain employment in a typical work setting. Tr. 858.

12   The ALJ gave little weight to Dr. Knapp's opinion. Tr. 16. The ALJ found while Dr.

13   Knapp had the opportunity to examine plaintiff, he did not have an opportunity to review the

14   updated record. *Id.* The ALJ found Dr. Knapp's opinion was out of proportion to the longitudinal

15   record, including normal or otherwise unremarkable findings during routine appointments, the

16   minimal treatment record, and plaintiff's ability to generally interact appropriately with

17   providers. *Id.* The ALJ found while Dr. Knapp noted some abnormal findings on mental status

18   examination, he also noted plaintiff was well-oriented, he had intact memory and concentration,

19   he was pleasant and cooperative, and he had appropriate hygiene and grooming. Tr. 16. And the

20   ALJ noted Dr. Knapp's opinion predated the amended alleged onset date and that after the

21   amended alleged onset date plaintiff routinely demonstrated normal mood and affect, normal

22   thought process, and normal psychomotor activity. Tr. 16.

23

1    Plaintiff asserts the ALJ's analysis of Dr. Knapp's opinion is not supported by substantial

2    evidence and does not give legitimate reasons for rejecting the opinion. Dkt. 33 at 7. Plaintiff

3    first states the ALJ does not deny that Dr. Knapp described clinical findings to support his

4    opinion. *Id.* This statement is correct—the ALJ identified abnormal findings by Dr. Knapp

5    (elevated mood with hyperactivity, tangential thought process, and limited abstract thinking), as

6    well as normal findings (well-oriented, intact memory and concentration, pleasant and

7    cooperative, and appropriate hygiene and grooming). Tr. 16. However, in weighing these

8    findings, the ALJ determined the normal findings were inconsistent with the overall opinion.

9    Plaintiff essentially asks the Court to reweigh the evidence and find that the ALJ erred by not

10   giving more weight to the abnormal findings over the normal ones. But this the Court cannot do.

11   *Thomas*, 278 F.3d at 954. The ALJ's interpretation of Dr. Knapp's findings was rational and

12   supported by substantial evidence. The Court may not disturb it.

13       Plaintiff next states that contrary to the ALJ's analysis, there is no evidence plaintiff's

14   mental functioning improved after Dr. Knapp's evaluation. Dkt. 33 at 7. However, the ALJ

15   identified findings from the relevant period noting normal mood and affect, normal thought

16   process with normal thought content, and unremarkable psychomotor activity. Tr. 16. An ALJ

17   may give less weight to an opinion that is inconsistent with other evidence in the record. *Batson*

18   *v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1195 (9th Cir. 2004). These findings that provide

19   substantial evidence to support the ALJ's conclusion that Dr. Knapp's opinion was inconsistent

20   with evidence from the relevant period. The Court may not disturb this assessment.

21       Finally, plaintiff does not address an additional reason the ALJ gave for discounting Dr.

22   Knapp's opinion, that Dr. Knapp's evaluation occurred some 16 months before the amended

23   alleged onset date, and Dr. Knapp did not have the benefit of reviewing records from the relevant

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 11

1   period. The ALJ was entitled to place greater weight on evidence from the relevant period over

2   an evaluation that predated the relevant period by a significant length of time. *Carmickle v.*

3   *Comm'r, Soc. Sec. Admin.*, 533 F.3d 1155, 1165 (9th Cir. 2008). This was another legitimate

4   reason to discount the opinion.

5          The ALJ gave specific and legitimate reasons, supported by substantial evidence, for

6   discounting Dr. Knapp's opinion. The Court finds no error in the ALJ's assessment of the

7   opinion.

8          *4.     Dr. Harmon*

9          In February 2012, Dana Harmon, Ph.D., reviewed Dr. Knapp's opinion and concurred

10  with his assessment. Tr. 861. Based on this review, Dr. Harmon opined that plaintiff would have

11  significant or marked to severe limitations in most areas of mental functioning. Tr. 863. The ALJ

12  did not comment on Dr. Harmon's opinion.

13         Plaintiff argues the ALJ's failure to discuss Dr. Harmon's opinion or give any reasons for

14  discounting it was legal error. Dkt. 33 at 7. The Commissioner responds that because Dr.

15  Harmon reviewed only Dr. Knapp's opinion and no additional information, the opinion reflected

16  plaintiff's functioning some 16 months before the amended alleged onset date and was therefore

17  of limited relevance, and the ALJ was not required to discuss it. Dkt. 38 at 9-10.

18         The Court finds any error in the ALJ's failure to comment on Dr. Harmon's opinion was

19  harmless. Dr. Harmon reviewed only Dr. Knapp's evaluation, which the ALJ properly

20  discounted as inconsistent with Dr. Knapp's own findings and other findings in the record, and

21  because it was based on plaintiff's functioning 16 months before the relevant period. As these

22  reasons all apply equally to Dr. Harmon's opinion, the Court concludes that the omission was

23  inconsequential to the ALJ's ultimate decision. *Molina*, 674 F.3d at 1122.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 12

1

2

3          *5.     Dr. Fritchen*

4          In September 2012, Cathy Fritchen, M.D., examined plaintiff on referral from Dr.

5   McNamara; she assessed joint pain, myalgia and myositis, hepatitis C, cold intolerance, and

6   lumbar spondylosis, and suspected most of his arthralgias and myalgias were related to

7   degenerative disease as well as fibromyalgia. Tr. 915.

8          Plaintiff states although Dr. Fritchen did not give an opinion on plaintiff's functional

9   limitations, her clinical findings support plaintiff's testimony about his physical limitations. Dkt.

10   33 at 7-8. As discussed below, the ALJ gave specific and legitimate reasons for discounting

11   plaintiff's testimony. Dr. Fritchen's examination findings do not undermine that assessment.

12          *6.     Dr. Gunderson*

13          Treating doctor Todd Gunderson, M.D.., noted in June 2013 that plaintiff reported he had

14   tried multiple medications for depression that had not worked, and he had tried gabapentin for

15   fibromyalgia but had experienced side effects; Dr. Gunderson prescribed baclofen for

16   fibromyalgia and muscle pain. Tr. 1064. In July 2013, Dr. Gunderson discontinued the baclofen

17   because it didn't seem to help. Tr. 1072.

18          In April 2015, Dr Gunderson wrote plaintiff was currently under his care for treatment of

19   diagnoses including posttraumatic stress disorder and anxiety. Tr. 1052.

20          The ALJ gave Dr. Gunderson's April 2015 opinion little weight, finding that Dr.

21   Gunderson did not identify any specific vocational limitations. Tr. 15.

22          Plaintiff states that at a minimum, Dr. Gunderson's clinical findings support a finding

23   that plaintiff has fibromyalgia, PTSD, and anxiety. Dkt. 33 at 8.

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 13

1       However, as stated above, a diagnosis alone is insufficient to establish the existence of a

2  medically determinable severe impairment. *Matthews*, 10 F.3d at 680. Plaintiff has done nothing

3  more than point to diagnoses in the record. That is insufficient to establish any error on the part

4  of the ALJ.

5       *7.    Other medical evidence*

6       Plaintiff describes numerous treatment notes from various providers and concludes by

7  stating that this evidence provides further support for the opinions of Dr. Knapp and Dr.

8  McNamara, it provides support for plaintiff's testimony, and it contradicts the ALJ's step two

9  analysis. Dkt. 33 at 8-10. This entire section provides no argument or explanation, and the Court

10  declines to address this conclusory assertion.

11  **C.    Plaintiff's testimony**

12       Plaintiff argues the ALJ failed to properly assess his testimony. Dkt. 33 at 10. Where, as

13  here, the ALJ did not find that plaintiff was malingering, the ALJ must provide clear and

14  convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir.

15  2001). An ALJ does this by making specific findings supported by substantial evidence.

16  "General findings are insufficient; rather, the ALJ must identify what testimony is not credible

17  and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834. In other

18  words, an ALJ's finding that a claimant's testimony is not credible must be "sufficiently specific

19  to allow a reviewing court to conclude the adjudicator rejected the claimant's testimony on

20  permissible grounds and did not arbitrarily discredit a claimant's testimony regarding pain."

21  *Brown-Hunter v. Colvin*, 806 F.3d 487, 493 (9th Cir. 2015).

22       Plaintiff argues the errors he alleged with respect to the ALJ's analysis of the medical

23  evidence and in determining his medically determinable severe impairments tainted the ALJ's

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 14

1    evaluation of plaintiff's testimony. Dkt. 33 at 11. However, as the Court has found no harmful

2    error in the ALJ's assessment of the medical evidence or in determining plaintiff's medically

3    determinable severe impairments, this argument fails.

4           Plaintiff also argues the ALJ misapplied the "objective evidence test" when evaluating

5    plaintiff's testimony. Dkt. 33 at 11. Where a plaintiff has shown that his impairments can

6    reasonably be expected to cause some degree of the symptoms and limitations he alleges, the

7    ALJ cannot reject his testimony about the extent and severity of his limitations based solely on

8    whether objective evidence supports the degree of limitation plaintiff alleges. *Garrison v. Colvin*,

9    759 F.3d 995, 1014-15 (9th Cir. 2014). But this rule does not bar any consideration of whether

10   objective evidence supports a plaintiff's testimony; it bars the ALJ from considering objective

11   evidence as the sole reason to discount plaintiff testimony. *Burch v. Barnhart*, 400 F.3d 676, 681

12   (9th Cir. 2005). A lack of supporting objective evidence can be a relevant factor in the ALJ's

13   assessment of a claimant's testimony, so long as it is not the only factor. *Id.* Here, the ALJ

14   considered other reasons for discounting plaintiff's testimony, as plaintiff implicitly

15   acknowledges by arguing that those reasons were invalid. Because the ALJ did not rely on a lack

16   of supporting objective evidence as the only reason for discounting plaintiff's testimony, the ALJ

17   did not err by considering the objective evidence when assessing plaintiff's testimony.

18          The ALJ found plaintiff's reported symptoms and limitations were not corroborated by

19   his treatment record. Tr. 13. The ALJ noted plaintiff reported that he did not pursue treatment for

20   his liver conditions because of medication side effects, including mental health side effects, but

21   the ALJ found if plaintiff's symptoms were as severe as he reported, one would expect him to

22   pursue more aggressive treatment, particularly since plaintiff was willing to accept side effects

23   from marijuana use such as sedation. *Id.* The ALJ also noted plaintiff did not seek treatment for

his liver conditions between January 2017 and June 2016, which the ALJ found to be inconsistent with the severity and frequency of plaintiff's allegations. *Id.*

Plaintiff argues the ALJ's assessment of plaintiff's treatment record violated SSR 16-3p, which requires the ALJ to consider reasons a claimant may not seek treatment or comply with treatment recommendations before finding his testimony inconsistent with the treatment record. Dkt. 33 at 11-12. But SSR 16-3p requires only that the ALJ consider a plaintiff's proffered reasons for not pursuing treatment, not that the ALJ accept those reasons. The ALJ considered plaintiff's statements that he did not pursue treatment because he was concerned about medication side effects, finding that these statements were inconsistent with his willingness to accept side effects from the use of marijuana. Tr. 13. The ALJ did not violate SSR 16-3p by failing to consider plaintiff's proffered reasons for not pursuing treatment. The ALJ reasonably concluded that those reasons were inconsistent with other evidence in the record. This was a valid reason to discount plaintiff's testimony.

The ALJ found the overall findings and observations on physical examination did not support plaintiff's testimony and suggested greater functioning than reported, listing normal and near normal findings at numerous examinations to support this finding. Tr. 13-14. Plaintiff states this finding is another misapplication of the objective evidence test. Dkt. 33 at 12. As stated above, the ALJ did not err by considering the objective evidence as one component of her assessment of plaintiff's testimony. Plaintiff also argues that none of the normal findings the ALJ lists are inconsistent with plaintiff's testimony. Dkt. 33 at 12. But the ALJ identified numerous examinations finding normal range of motion, normal cardiovascular, pulmonary, and abdominal findings, normal neurological findings, and normal mental status. Tr. 13-14. The ALJ was entitled to find that these normal examinations were inconsistent with plaintiff's complaints of

1  limitations caused by his heart, liver, and mental health conditions. Plaintiff has not established

2  error in the ALJ's consideration of the objective evidence.

3       Finally, the ALJ found plaintiff made statements that detract from the reliability of his

4  self-reports, including stating he had stage 3 liver cancer despite not having cancer and reporting

5  in July 2013 that he had lost 40 pounds in the past year when treatment records show otherwise.

6  Tr. 14-15. An ALJ may consider whether a claimant has made inconsistent statements in the

7  past. *Thomas*, 278 F.3d at 959; SSR 16-3p. Plaintiff argues his inaccurate reports merely show

8  that he is not a physician and does not have a completely accurate understanding of his

9  impairments. Dkt. 33 at 12. He points out he has been diagnosed with stage 2 to 3 liver disease,

10  implying that he misspoke when he stated he had stage 3 liver cancer. *Id.* Despite plaintiff's

11  attempt to explain his inconsistent statements, the ALJ was entitled to consider the consistency

12  of plaintiff's statements with the evidence in the record and could reasonably find that his

13  inaccurate statements made his testimony less reliable. The inaccurate statements the ALJ

14  identified are not the sort of complex medical information only a medical professional would

15  understand, but misstatements of basic fact about his diagnoses and standardized measurements.

16  This was a valid reason to discount plaintiff's testimony.

17       The ALJ gave clear and convincing reasons, supported by substantial evidence, for

18  discounting plaintiff's testimony. The Court finds no error in the ALJ's assessment of plaintiff's

19  testimony.

20      **D.**    **RFC and step four finding**

21       Plaintiff argues that the ALJ's residual functional capacity finding and finding at step

22  four are legally erroneous and not based on substantial evidence. Dkt. 33 at 18. This argument is

23  based on his previous assignments of error, all of which this Court has rejected. Because the

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 17

ALJ's RFC finding contained all the limitations the ALJ found credible and supported by substantial evidence, and the step four finding of non-disability prior to plaintiff's date last insured was based on that valid RFC finding, plaintiff's claims fail. *Bayliss*, 427 F.3d at 1217-18.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision **AFFIRMED** and this case is **DISMISSED** with prejudice.

DATED this 26th day of January, 2024.

_____
BRIAN A. TSUCHIDA
United States Magistrate Judge

ORDER AFFIRMING THE COMMISSIONER AND DISMISSING THE
CASE WITH PREJUDICE - 18